UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   NOT FOR PUBLICATION
GILBERT STREETER,
                                                                     MEMORANDUM
                       Plaintiff,                                    AND ORDER
     -against-
                                                                     13-CV-5305 (KAM) (MDG)
Department of Corrections, A.M.K.C.-C-95,

                       Defendant.
-----------------------------------------------------------------x
MATSUMOTO, United States District Judge:

On September 23, 2013, plaintiff Gilbert Streeter, a prisoner incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. He seeks $80,000 in damages. The Court grants plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and dismisses the complaint as set forth below.

## Background

Plaintiff alleges that on September 15, 2013, he slipped and fell in his cell from water leaking from the toilet. (*See* ECF No. 1, Compl. dated 9/15/13 and filed 9/23/13 at ¶ IV.) Plaintiff further alleges that he had complained to an unidentified correction officer that "the toilet was leaking water" for about "2 weeks straight" "and nothing was done about my situation." (*Id.*) Plaintiff alleges he sustained injuries to his back, head neck and thigh and was "prescribed medication for my injuries." (*Id.* at ¶ IV.A.)

## Discussion

A.   Standard of Review

In reviewing the complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B.      Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."

*Rae v. Cnty. of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (internal quotation omitted).

1. New York City Department of Correction

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments [and agencies, such as the Department of Correction ("DOC")], as distinct from the City itself, lack the capacity to be sued. *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008) (per curiam); *Adams v. Galletta*, 966 F. Supp. 210, 212 (E.D.N.Y. 1997) (DOC not a suable entity); *David v. GMDC*, No. 01 Civ. 6931, 2002 WL 31748592, at *3 (S.D.N.Y. Dec. 6, 2002) (dismissing prisoner's civil rights complaint against George Motchan Detention Center). For this reason, the claims against the DOC and the AMKC jail on Rikers Island are dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).[1]

2. Slip and Fall Claim

Even if plaintiff had named a proper defendant, the complaint would still be dismissed. Allegations of negligence by prison officials do not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials;

---

[1] Even if the court were to construe the complaint as including a claim against the City of New York, such a claim should be dismissed. It is well-settled that a municipality can only be sued under § 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U,S. 658, 692 (1978); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). Plaintiff, however, has not alleged any policy, custom, or practice on the part of the City that might plausibly have caused any of plaintiff's alleged constitutional injuries. Thus, even if plaintiff had properly named the City in this action – which he did not – the Court would be required to dismiss any *Monell* claims.

3

liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994) (mens rea of "deliberate indifference" required to implicate the Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment not implicated by negligent acts of prison officials). Furthermore, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Johnson v. N.Y.C. Dep't of Correction*, No. 10-CV-338 (JG), 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (citing *Sylla v. City of New York*, No. 04-CV-5692 (ILG), 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases)).

Therefore, plaintiff's slip and fall claim does not rise to the level of a constitutional violation and is dismissed for failure to state a claim. 28 U.S.C. § 1915A(b).

## **Conclusion**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this action.

SO ORDERED.

                  /s/
                **Kiyo A. Matsumoto**
                United States District Judge
  &emsb;             Eastern District of New York

Dated: Brooklyn, New York
    October 1, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

GILBERT STREETER,

                        Plaintiff,

      -against-

Department of Corrections, A.M.K.C.-C-95,

                        Defendant.
-----------------------------------------------------------x

**CIVIL JUDGMENT**

13-CV-5305 (KAM) (MDG)

       A Memorandum and Order of the undersigned having been filed this day dismissing the Complaint, it is,

       **ORDERED, ADJUDGED AND DECREED**: That the complaint is dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. The Clerk of Court is respectfully requested to send a copy of this Judgment to plaintiff and note service on the docket.

Dated: Brooklyn, New York
       October 1, 2013

                                                  /s/
                                          Kiyo A. Matsumoto
                                          United States District Judge